3ŕ    LUTHER RIXFORD *et al. versus* JASON BROWN *et al.*

The Court have power to allow a plea in bar *puis darrein continuance* to be withdrawn after the plaintiff has demurred to it.

ASSUMPSIT upon a promissory note and for goods sold and delivered.

The case was tried upon the general issue, in the Common Pleas, at August term 1830, when a verdict was found for the defendants. At September term 1830 of the Supreme Court in Franklin county, the defendants pleaded, that since the trial in the Common Pleas and since the appeal of the plaintiffs to the Supreme Court, to wit, on the 30th of August, the plaintiffs exonerated and discharged the defendants from the promises set forth in the declaration. To this plea the plaintiffs demurred specially.

*Sept.* 30*th.*    *Bates* and *Dewey*, for the defendants, now admitted that this plea was bad, and moved for leave to withdraw it, so that the case might stand for trial upon the general issue. They stated

---
[1] See Revised Stat. *c.* 46, § 18; *Westfield* v. *Southwick*, 17 Pick. 69. 70

30

that the plea was not filed for the purpose of delay, but through inadvertency on .he part of the counsel.

*Wells, contrà,* said a plea *puis darrein continuance* was emphatically a dilatory plea, and he contended that it is not within the power of the court to allow it to be withdrawn.   Bul. N. P. 309.

The *Court* granted the defendants' motion, upon the condition that they should pay the costs of this term and the preceding term in Franklin county, and that if they should finally prevail, they should not recover costs for these two terms. By this the case was placed on the footing on which it stood before the filing of the plea *puis darrein continuance.*